# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2023

Lyle W. Cayce
Clerk

No. 21-20168

ACS Primary Care Physicians Southwest, P.A.; Hill
County Emergency Medical Associates, P.A.; Longhorn
Emergency Medical Associates, P.A.; Central Texas
Emergency Associates, P.A.; Emergency Associates of
Central Texas, P.A.; Emergency Services of Texas, P.A.,

*Plaintiffs—Appellees*,

*versus*

UnitedHealthcare Insurance Company;
UnitedHealthcare of Texas, Incorporated,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1282

Before King, Graves, and Ho, *Circuit Judges*.

King, *Circuit Judge*:

We previously certified a question to the Texas Supreme Court asking whether the Texas Insurance Code's Emergency Care Statutes authorize a private cause of action. After receiving a response in the negative, we REVERSE the judgment below.

No. 21-20168

## I.

In Texas, hospital employees may not deny individuals emergency care due to their inability to pay. Tex. Health & Safety Code Ann. §§ 241.027(b)(5), 241.028(c)(2), 311.022(a)–(b). This raises the prospect that physicians will treat patients who are either uninsured or whose insurance does not cover such treatment. To ease the economic burdens associated with this care, the Texas Insurance Code requires that insurance companies insuring patients who receive emergency treatment by out-of-network healthcare providers reimburse those providers at their "usual and customary rate" or an agreed rate (the "Emergency Care Statutes"). Tex. Ins. Code Ann. §§ 1271.155(a), 1301.0053(a), 1301.155(b).

Since January 2016, Plaintiffs-Appellees, emergency care physician groups in Texas (the "Plaintiff Doctors"), have provided various emergency medical services to patients enrolled in health insurance plans insured by Defendants-Appellants UnitedHealthcare Insurance Company or UnitedHealthcare of Texas, Incorporated (collectively, "UHC"). The Plaintiff Doctors are not within UHC's provider network. In their operative complaint, the Plaintiff Doctors allege (among other claims) that UHC has failed to remit the "usual and customary rate" for the emergency care that the Plaintiff Doctors provide to patients insured by UHC in violation of the Emergency Care Statutes. UHC moved to dismiss the Plaintiff Doctors' complaint, which was denied in part by the district court. Specifically, the court rejected UHC's argument that the Emergency Care Statutes did not authorize a private cause of action. The court also held that the Plaintiff

2

No. 21-20168

Doctors' claim under the Emergency Care Statutes was not otherwise preempted by the Employee Retirement Income Security Act ("ERISA").[1]

UHC immediately sought interlocutory review of two issues: (1) whether the Emergency Care Statutes authorize an implied private cause of action, and (2) whether the Plaintiff Doctors' claim under the Emergency Care Statutes is otherwise preempted by ERISA. Both the district court and this circuit granted UHC's request for interlocutory review. The Plaintiff Doctors subsequently moved to certify the first issue—whether the Emergency Care Statutes provide for a private cause of action—to the Texas Supreme Court. In February 2022, we granted the Plaintiff Doctors' motion and certified the following question to the Texas Supreme Court:

> Do §§ 1271.155(a), 1301.0053(a), and 1301.155(b) of the Texas Insurance Code authorize Plaintiff Doctors to bring a private cause of action against UHC for UHC's failure to reimburse Plaintiff Doctors for out-of-network emergency care at a "usual and customary" rate?

*ACS Primary Care Physicians Sw., P.A.* v. *UnitedHealthcare Ins. Co.*, 26 F.4th 716, 720 (5th Cir. 2022).[2]

## II.

In January 2023, the Texas Supreme Court answered the certified question in the negative, holding that the Texas Insurance Code "does not create a private cause of action for claims under the Emergency Care Statutes." *Texas Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, No. 21-

---

[1] The district court, however, dismissed the Plaintiff Doctors' other claims for breach of an implied-in-fact contract and *quantum meruit*, which are not at issue on appeal.

[2] We withheld judgment on the second issue before us on interlocutory review: whether the Plaintiff Doctors' claim under the Emergency Care Statutes was preempted by ERISA.

No. 21-20168

0291, 2023 WL 176287, at *8 (Tex. Jan. 13, 2023). Therefore, the Plaintiff Doctors' claim for violation of the Emergency Care Statutes must be dismissed. Because there is no private cause of action under the Emergency Care Statutes, the second issue before us—whether the Plaintiff Doctors' claim under the Emergency Care Statutes is otherwise preempted by ERISA—is now moot. Accordingly, we REVERSE the district court's judgment denying UHC's motion to dismiss the Plaintiff Doctors' claim for violation of the Emergency Care Statutes and REMAND for further proceedings not inconsistent with this opinion.